CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
February 13, 2025
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
     DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **NICKLAUS EDWARD NEAL,** | )<br>) |
| Plaintiff, | )  Case No. 7:24CV00880<br>) |
| v. | )  **OPINION**<br>) |
| **OFFICER PRATER, ET AL.,** | )  JUDGE JAMES P. JONES<br>) |
| Defendants. | ) |

*Nicklaus Edward Neal, Pro Se Plaintiff.*

Petitioner, a Virginia inmate proceeding pro se, sued police officers, jail officers, and medical staff under 42 U.S.C. § 1983 for violating his rights. However, his Complaint failed to state any actionable claims against the defendants. Neal was offered an opportunity to file an Amended Complaint and was provided detailed instructions about the types of information he would need to provide in order to state a claim against any defendant. Neal has filed the Amended Complaint, but like the original, it fails to state facts on which Neal could hold any named defendant liable for violating his constitutional rights. Therefore, I will dismiss the action without prejudice for failure to state a claim.[1]

---

[1] Neal was advised, among other things:

> An Amended Complaint should include the following types of information: relevant dates, places, and participants, describing related

Neal alleges that on November 25, 2024, he was driving his motorcycle behind a car going through the town of Chilhowie when "a black vehicle pulled up behind [Neal] so fast [Neal] thought [he] was gonna be rear ended so [he] sped up and then was blue lighted." Am. Compl. 2, ECF No. 8. Neal alleges that Officer Prater "pursued [him] at over speeds of 120 mph." Am. Compl. Attach. 1, ECF No. 8-1. Neal allegedly slowed down "to 45 mph" to take a curve in the road, but was "thrown off the motorcycle," suffered injuries, and woke up in the hospital. *Id.* Three days later, officials took Neal to the jail. Once there, he alleges, "I have wrote out to the Medical Department several times and have not even got a response." *Id.* As relief in this Amended Complaint, Neal seeks to have unspecified charges dropped and to have court costs, fines, and hospital bills paid.

In order to survive dismissal, a § 1983 complaint must state facts showing actions by each defendant that violated the plaintiff's constitutional rights. *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). When liberally construed, the

---

> events in the order in which they occurred, stating factual details about what actions each defendant took, or failed to take, that violated Neal's constitutional rights; and how Neal was harmed by the defendants' alleged actions or inactions. The facts to support Neal's claims must be stated in the Amended Complaint itself.

Order 1, ECF No. 7.

complaint must offer more "than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  In a § 1983 case, "(l)iability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff[']s rights." *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (internal quotation marks and citation omitted).  Further, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal,* 556 U.S. at 678 (internal quotation marks and citation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for [a constitutional violation] alleged." *Id.*

I cannot find that Neal has alleged facts to support any constitutional violation by Officer Prater.  Liberally construed, Neal's Amended Complaint alleges that when Neal on his motorcycle started speeding up, Officer Prater pursued him and flashed his patrol car lights; when Neal failed to pull over in response and sped up to 120 mph, Officer Prater continued to follow him.  Neal's own alleged actions — refusing to stop for law enforcement and then speeding around a curve in the road — caused him to be thrown from his vehicle and injured.  This series of events places the responsibility for the accident solely on Neal.  He has failed to identify, or suggest through his allegations, any constitutional violation committed by Officer

Prater.  I will summarily dismiss Neal's claim against this defendant under § 1915(e)(2)(b).

Neal directs his medical claims against the jail's medical staff as a group. Despite the court's advisement that a § 1983 claim must be personal, the Amended Complaint fails to name individual medical staff members or to state facts showing what any one of them did, personally, to violate his rights.

Moreover, a pretrial detainee claiming that anyone deprived him of constitutional rights by failing to provide medical care must show, among other things, that he "had a medical condition or injury that posed a substantial risk of serious harm; (2) the defendant intentionally, knowingly, or recklessly acted or failed to act to appropriately address the risk that the condition posed; (3) the defendant knew or should have known (a) that the detainee had that condition and (b) that the defendant's action or inaction posed an unjustifiably high risk of harm; and (4) as a result, the detainee was harmed." *Short v. Harman*, 87 F.4th 593, 611 (4th Cir. 2023).  Neal's allegations reflect that he received treatment at a hospital after his motorcycle accident on September 23, 2024, and was not arrested or jailed until November 28, 2024.  The Amended Complaint fails to allege what medical issues Neal had when he arrived at the jail or show how any particular member of the medical staff was notified of Neal's medical needs during his confinement.  This

failure to demonstrate personal involvement in the alleged denial of adequate medical care is fatal to Neal's attempt to state such a claim in this case. *Id.*

For the stated reasons, I will summarily dismiss this case without prejudice under 28 U.S.C. § 1915(e)(2)(b) for failure to state a claim. I will also dismiss without prejudice Neal's pending motion seeking discovery.

A separate Final Order will be entered herewith.

DATED: February 13, 2025

/s/ JAMES P. JONES
Senior U.S. District Judge